# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IN RE:  MATTHEW J. O'NEILL                              No. 20-mc-00024-WJ

## ORDER OF SUSPENSION AND
## ORDER TO SHOW CAUSE

After the Supreme Court of the State of New Mexico summarily suspended Mr. O'Neill from the practice of law, the Court ordered Mr. O'Neill to show cause why the Court should not suspend him in accordance with D.N.M.LR-Civ. 83.2(c).  *See* Doc. 1, filed August 24, 2020.  In his response, Mr. O'Neill stated that he is scheduled to be sentenced on September 15, 2020, that the Disciplinary Board of the New Mexico Supreme Court scheduled a hearing for September 22, 2020, and that he "has no intention of trying to practice law in state court or federal court while he is suspended by the New Mexico Supreme Court."  *See* Doc. 2, filed September 14, 2020.  Mr. O'Neill asks the Court to "defer any decision until after the New Mexico Supreme Court makes a decision following a hearing on the merits of Mr. O'Neill's pending discipline case."  "Mr. O'Neill has no objection if this Court suspends him for a period consistent with any state suspension."  Response at 2, ¶ 9.

The Court suspends Mr. O'Neill from the Federal Bar of the District of New Mexico because the Local Rules of Civil Procedure for the District of New Mexico do not allow an attorney who has been suspended from the practice of law to practice before this Court and because Mr. O'Neill has not shown cause why he should not be suspended; he only asks that the Court defer its decision whether to suspend him until after the New Mexico Supreme Court makes its decision.  *See* D.N.M.LR-Civ. 83.2(c) ("Rule of Good Standing").  Mr. O'Neill's suspension will remain in place until further order of the Court.

The District of New Mexico has Local Rules regarding attorneys charged with and convicted of a crime. Review of state-court records indicate that Mr. O'Neill was charged with two felonies on January 11, 2019, pled guilty on March 11, 2020, and was sentenced on September 15, 2020. State of New Mexico Case No. D-202-CR-201902713. It appears that Mr. O'Neill has not notified the Clerk of Court that he has been charged with a crime as required by D.N.M.LR-Civ. 89.2(f)(4). It also appears that Mr. O'Neil has not notified the Clerk of Court that he has been convicted of a crime as required by D.N.M.LR-Civ. 89.2(f)(5). "Failure to self-report is a separate cause for disciplinary action." D.N.M.LR-Civ. 89.2(g).

The District of New Mexico's Local Rules of Civil Procedure provide:

> The Court, *sua sponte* or upon determining that a member of the Bar of this District Court has been disciplined, suspended or disbarred by any state or has been convicted of a felony, may discipline, suspend or disbar the attorney. The Chief District Judge will appoint a panel of judges to review any state disciplinary proceedings or felony convictions and, if necessary, conduct a hearing to determine whether discipline, suspension or disbarment is appropriate.

D.N.M.LR-Civ. 83.10(a).

The Court orders Mr. O'Neill to show cause in writing, within 30 days after entry of the New Mexico Supreme Court's decision regarding Mr. O'Neill's discipline, why the Court should not discipline, suspend or disbar Mr. O'Neill based on: (i) any discipline, suspension or disbarment imposed by the New Mexico Supreme Court; (ii) Mr. O'Neill's conviction; and (iii) Mr. O'Neill's failure to self-report his criminal charge(s) and conviction(s). Failure to timely show cause will result in suspension or disbarment from the Federal Bar of the District of New Mexico. If the New Mexico Supreme Court imposes any discipline, suspension or disbars Mr. O'Neill, any written response to this Order to Show Cause must address the standards for relief from the Rule of Good Standing. *See* D.N.M.LR-Civ. 83.2(d).

Mr. O'Neill may, in his response to this Order to Show Cause, request that the undersigned appoint a panel of Judges to review the State of New Mexico's disciplinary proceedings and/or Mr. O'Neill's felony convictions. *See* D.N.M.LR-Civ. 83.10(a). Any request for the appointment of a panel of judges must include all the materials Mr. O'Neill wishes the Panel to review. Failure to request the appointment of a panel of Judges will result in the undersigned issuing an appropriate order.

**IT IS SO ORDERED.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**